IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL WOOD**, <br><br> Plaintiff, <br><br> v. <br><br> **SAROJ & MANJU INVESTMENTS PHILADELPHIA LLC** d/b/a PAPA JOHN'S, et al., <br><br> Defendants. | CIVIL ACTION <br><br><br> NO. 19-2820-KSM |

**ORDER**

**AND NOW**, this 28th day of December, 2020, upon consideration of Plaintiff's Amended Unopposed Motion for Preliminary Approval of the Class/Collective Action Settlement; Provisional Certification of the Proposed Settlement Class/Collective Actions; Appointment of Class Counsel; Approval of the Form of Class Notice, Distribution Plan, and Claims Form; and Issuance of a Stay and Setting the Final Approval Hearing ("Motion for Preliminary Approval" or "Motion") (Doc. No. 26), and for the reasons stated in the accompanying memorandum, it is **ORDERED** that Plaintiff's Motion (Doc. No. 26) is **GRANTED**.  It is **FURTHER ORDERED** as follows:

1.  Unless otherwise stated, all terms used in this Order shall have the meanings ascribed to them in the parties' settlement agreement (Doc. No. 26-2).

2.  Plaintiff Michael Wood is appointed to serve as the class representative pursuant to Federal Rule of Civil Procedure 23.

3.  The following attorneys are appointed as class counsel pursuant to Federal Rule

1

of Civil Procedure 23:

> Joe P. Leniski, Jr., Esquire
> BRANSTETTER, STRANCH & JENNINGS, PLLC
> The Freedom Center
> 223 Rosa Parks Av, Ste. 200
> Nashville, TN 37203
>
> Patrick Howard, Esquire
> SALTZ, MONGELUZZI, & BENDESKY, P.C.
> 1650 Market Street, 52nd Floor
> Philadelphia, PA 19103

4. The Court will hold a final approval hearing on **April 14, 2021** at **10:00 a.m.** to determine the fairness, adequacy, and reasonableness of the settlement agreement, and to consider whether to grant final approval of the settlement agreement and class counsel's application for attorneys' fees and expenses.

5. Plaintiff shall file papers in support of class counsels' application for attorneys' fees and expenses and Plaintiff's incentive award on or before **March 15, 2021**.

6. Plaintiff shall file papers in support of final approval of the settlement agreement and response to any written objections on or before **March 29, 2021**.

7. Defendants may file papers in support of the final settlement agreement. If they choose to do so, such papers shall be filed on or before **March 29, 2021**.

8. CAC Services Group, LLC is appointed as the Claims Administrator, and shall perform all the duties of the settlement claims administrator, as set out in the parties' settlement agreement.

9. For the reasons discussed in the accompanying memorandum, the proposed class notice shall be amended as follows:

      a.      The class notice shall be addressed to: "All delivery drivers who worked for Defendants during the period dating back to three years prior to December 28, 2020."

      b.      The definition of the Rule 23 class and the FLSA collective on page 3 of the class notice shall be corrected to refer to the class and collective as "All delivery drivers who worked for Defendants during the period dating back to three years prior to December 28, 2020."

      c.      A sentence must be added to the end of the first paragraph Part XIV of the class notice. This sentence will read: "You may also find additional information on the settlement website at [web address for the settlement website]."

10.    Defendants shall provide CAC with the Final Class Data List on or before **January 7, 2021**.

11.    CAC shall mail the notice packet on or before **January 12, 2021**.

12.    CAC shall provide proof that notice was provided to class members in accordance with the parties' settlement agreement and this Order on or before **March 29, 2021**.

13.    Class members must submit their claims forms to CAC on or before **March 15, 2021**.

14.    Class members who wish to either object to or opt out of the settlement agreement must do so on or before **March 15, 2021**. Class members may not both object and opt out. In the event a class member both objects and opts out, the request to opt out will control.

15.    Class members may opt out of the settlement by mailing or faxing a document

containing the following information to CAC:

    a.    The class member's full name.

    b.    The class member's address.

    c.    The class member's telephone number.

    d.    The following statement: "I/we request to be excluded from the class settlement in <u>Wood v. Saroj and Manju Investments Philadelphia LLC, et al.</u>, Case No. 2:19-cv-2820."

    e.    The class member's signature.

16.    Requests to opt out of the settlement must contain all of the information included in paragraph 15.  Class members may only opt themselves out; they may not opt out other class members, nor may a representative (such as an attorney) submit an opt out request on a class member's behalf.

17.    CAC shall retain all opt out requests.  CAC shall file these requests with the Court under seal on or before **April 5, 2021**.

18.    The settlement agreement shall not bind any class members who elect to opt out.

19.    Class members who wish to object to the settlement must file their objection with the Court and mail a copy of it to class counsel.  The objection must include the following information:

    a.    The name and case number of this matter.

    b.    The objector's full name.

    c.    The objector's address.

      d.      The objector's telephone number.

      e.      Facts showing that the objector is a member of the settlement class.

      f.      The reasons the objector objects to the proposed settlement agreement, including any legal basis for objection.

      g.      The identity of any current or former counsel who represented the counsel with respect to the claims in this lawsuit.

      h.      The identity of any counsel representing the objector who will appear at the final approval hearing.

      i.      A list of witnesses, if any, who will be called to testify at the final approval hearing in support of the objection.

      j.      A statement indicating whether the objector intends to appear in person at the final approval hearing.

      k.      The objector's signature.

20.    Unless a class member makes an objection in compliance with paragraph 19 of this Order, he or she will be deemed to have waived all objections.

21.    Pending the final determination of whether the Settlement should be approved, the Class Representatives and all persons in the settlement class who have not affirmatively opted out of this action are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties.  Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated.  Nothing herein will prevent any person

in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s).  This injunction does not apply to any person who requests to opt-out/exclude themselves from the settlement pursuant to Paragraphs 14–16 of this Order.

      22.     If the proposed settlement is not approved or consummated, the proposed settlement and the proceedings associated with it shall not prejudice the right of the parties to assert any right or position that could have been asserted had the parties not reached the settlement agreement.  The certification of the class for settlement purposes shall not bear on any subsequent litigation of class certification issues.

      23.     The settlement agreement and all negotiations, documents, and discussions associated with it will not be deemed or construed an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any wrongdoing by Defendants, or the truth of any of Plaintiff's claims.  Evidence relating to the discovery agreement shall not be discoverable, except for purposes of demonstrating, describing, implementing, or enforcing the terms of the settlement agreement, this Order, and any final approval order.

      24.     Counsel may use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with the settlement agreement and this Order.  These include making, without further approval of the Court, minor changes to the form or content to the class notice and claim form and other exhibits that they jointly agree are reasonably and necessary and do not materially alter the terms of the proposed settlement.  The Court reserves the right to approve the settlement agreement with such modifications, if any, as agreed to by the parties without further notice to the members of the

class. However, to the extent the parties make any such changes, they shall document the change and justify their reasons for it in their filings seeking final approval of the settlement agreement.

25. Plaintiff's Unopposed Motion for Preliminary Approval of the Class/Collective Action Settlement; Provisional Certification of the Proposed Settlement Class/Collective Actions; Appointment of Class Counsel; Approval of the Form of Class Notice, Distribution Plan, and Claims Form; and Issuance of a Stay and Setting the Final Approval Hearing (Doc. No. 17) is **DENIED** as moot.

**IT IS SO ORDERED.**

/s/ *Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.