# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WOOD,<br><br>    Plaintiff,<br><br>    *v.*<br><br>**SAROJ & MANJU INVESTMENTS PHILADELPHIA LLC** d/b/a/ PAPA JOHN'S, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 19-2820-KSM |

## ORDER

**AND NOW**, this 13th day of May, 2021, upon consideration of Plaintiff's Unopposed Motion for Final Approval of the Collective/Class Action Settlement and Plaintiff's Memorandum in Support (Doc. No. 34), Plaintiff's Motion to Approve an Award of Attorneys' Fees and Reimbursement of Expenses to Class Counsel, and a Service Award to Class Representative and Plaintiff's Memorandum in Support (Doc. No. 33), Plaintiff's Supplemental Notice in Further Support of Representative Plaintiff's Motion for Final Approval of the Class Action Settlement (Doc. No. 35), and the entire record in this matter, and after a final fairness hearing with the parties on April 14, 2021, it is hereby **ORDERED** that Plaintiff's Motions (Doc. Nos. 33 & 34) are **GRANTED** as follows:

(1)    The Court certifies the following settlement class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3):

> All delivery drivers who worked for Defendants during the period dating back to three years prior to December 28, 2020.

(2)    The Court certifies the following settlement FLSA collective:

1

> All delivery drivers who worked for Defendants during the period dating back to three years prior to December 28, 2020.

(3) The Settlement Agreement is approved pursuant to Federal Rule of Civil Procedure 23(e) and the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

(4) The Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

(5) The Court approves the payment to class counsel of $83,333 as attorneys' fees and $8,564.90 in out-of-pocket expenses, which the Court finds are fair and reasonable attorneys' fees and expenses incurred in the prosecution of this action based on the Court's independent analysis and consideration of the factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000).

(6) The Court awards $2,500 as an incentive award to the Named Plaintiff.

(7) The Court approves the Community Legal Services of Philadelphia as *cy pres* recipient of any unclaimed funds from the parties' Rule 23 Class Settlement Fund.

(8) This matter is **DISMISSED WITH PREJUDICE**. The Court will maintain jurisdiction over the enforcement of the settlement.

**IT IS SO ORDERED.**

                                        **BY THE COURT:**

                                        */s/ Karen Spencer Marston*
                                        _____
                                        KAREN SPENCER MARSTON, J.